UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 6331**

*JUDGE CHIN*

----------------------------------------------------------------X

GARY ROSEN COMMUNICATIONS, INC.  :  Civil Action No.

                Plaintiff,  :  **ECF CASE**

vs.  :  **COMPLAINT**

VOY, LLC,  :

                Defendant.  :

----------------------------------------------------------------X

Plaintiff, Gary Rosen Communications, Inc., by its attorneys, Hedrock & Associates, P.C., for its complaint alleges:

### JURISDICTION AND VENUE

1. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a), in that the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue in this district is proper under 28 U.S.C. § 1391(a), in that the defendant does business and resides in this district, and a substantial part of the events giving rise to the claim occurred in this district.

3. This action arises out of a public relations services contract that was substantially negotiated and performed in Manhattan.

### PARTIES

4. Plaintiff Gary Rosen Communications, Inc. ("GRC") is a New York corporation owned and controlled by Gary Rosen, who resides in New Jersey. GRC

provides publicity and public relations services for clients in the media and entertainment businesses.

5. Defendant VOY, LLC ("VOY") is a Delaware limited liability company. VOY is a digital media company with a headquarters office located at 9220 Sunset Boulevard, Suite 309, West Hollywood, California 90069. VOY's website displays an address at 330 Madison Ave., 6th Floor, New York, New York 10017.

## FACTS

6. Commencing on or about March 1, 2004, GRC furnished consumer and trade publicity and public relations services to VOY pursuant to a written agreement providing for a monthly fee of $25,000 plus expenses.

7. GRC solicited its agreement with VOY at the Manhattan offices VOY then occupied. Negotiations were conducted between Gary Rosen, for GRC, and Brian Field, for VOY, at VOY's Manhattan offices and by telephone. GRC performed the agreement, in part, at such offices. The agreement states that it will be governed by New York law.

8. After the expiration of the initial term of the agreement on August 31, 2004, it was extended by mutual consent. GRC continued to provide publicity and public relations services to VOY until August 15, 2006 under the same terms, whereby GRC charged VOY a monthly fee of $25,000 plus expenses.

9. VOY fell behind in making payments. In consideration of past due fees and expenses billed for the period July through October 2005, VOY provided Gary Rosen, on GRC's behalf, a Convertible Term Note dated November 10, 2005 ("Note") in the principal amount of $107,000. Principal payments on the Note were to made

commencing March 1, 2006 at the rate of $15,000 per month until the outstanding balance was paid, with any outstanding principal and interest due on August 1, 2006 ("Maturity Date"). Interest accrued on the outstanding balance at 1.52% per annum through the Maturity Date.

10. The Note states that it will be governed by New York law and sets forth the parties' consent to the exclusive jurisdiction of the state and federal courts in Manhattan for ensuing proceedings.

11. During February through May, 2006, VOY made five payments totaling $52,000 applied to the outstanding balance due under the Note, leaving a $55,000 principal balance due as of August 1, 2006 (excluding accrued interest), none of which has been paid despite demand.

12. During April 2005 through February 2006, GRC billed VOY a total of $12,394 for expenses incurred during the period February through December 2005 in providing services for VOY ("2005 Expenses").

13. From November 1, 2005 through August 15, 2006, GRC continued to provide publicity and public relations services to VOY charged at the rate of $25,000 per month.

14. VOY made payments in November and December 2005 totaling $7,000 applied to outstanding fees and expenses, leaving an unpaid fee and expense balance of $242,894 due as of August 15, 2006, none of which has been paid, despite demand.

15. The total due GRC from VOY for unpaid fees and expenses, including the unpaid Note principal balance, is $297,894.

16. In an August 25, 2006 e-mail to GRC entitled "Past Due Invoices," Brian Field of VOY acknowledged that VOY was indebted to GRC for $265,500, and stated that VOY did not have the funds to make payment.

17. Upon information and belief, the $32,394 difference between the $297,874 debt GRC is claiming and the $265,500 debt admitted by VOY is attributable to: (1) VOY's omission of $12,394 on account of the 2005 Expenses from its calculation, and (2) a $20,000 calculation error by VOY.

## FIRST CLAIM FOR RELIEF
[Breach of Contract]

18. ¶¶ 1 – 17 are incorporated.

19. GRC fully performed its agreement with VOY to provide publicity and public relations services for a monthly fee of $25,000 plus expenses.

20. VOY breached the agreement by failing to make payment of amounts due.

21. GRC has been damaged by VOY's breach in the amount of $242,894 (excluding amounts due under the overdue Note).

## SECOND CLAIM FOR RELIEF
[Account Stated]

22. ¶¶ 1 – 17 are incorporated.

23. GRC provided publicity and public relations services to VOY pursuant to an agreement providing for a monthly fee of $25,000 plus expenses.

24. As of August 25, 2006, VOY owed GRC substantially in excess of $265,500 for unpaid fees and expenses, including amounts due under the overdue Note.

4

25. On August 25, 2006, VOY provided a written accounting to GRC acknowledging its indebtedness to GRC in the amount of $265,500 for unpaid fees and expenses, including amounts due under the overdue Note.

### THIRD CLAIM FOR RELIEF
[Quantum Meruit]

26. ¶¶ 1 – 17 are incorporated.

27. From March 1, 2004 through August 15, 2006, GRC performed publicity and public relations services for VOY in good faith.

28. VOY accepted all such services from GRC.

29. GRC provided such services, and incurred associated expenses, in the expectation that it would be paid for its services and reimbursed its expenses.

30. The reasonable value of unpaid services and expenses GRC provided to VOY or incurred on its behalf is no less than $242,894 (excluding amounts due under the overdue Note).

### FOURTH CLAIM FOR RELIEF
[Note Default]

31. ¶¶ 1 – 17 are incorporated.

32. On or about November 10, 2005, VOY delivered to Gary Rosen, on GRC's behalf, a Note in the principal amount of $107,000, due August 1, 2006, on account of outstanding fees and expenses due GRC.

33. GRC applied $52,000 received from VOY during the period February through May 2006 to the Note, leaving an unpaid balance of no less than $55,000 plus accrued interest as of the Maturity Date, none of which has been paid despite demand.

WHEREFORE, plaintiff GRC demands judgment against defendant VOY:

1.  On the First and Third Claims for Relief, in the amount of $242,894, plus pre-judgment interest;

2.  On the Second Claim for Relief, in the amount of $265,500, plus pre-judgment interest;

3.  On the Fourth Claim for Relief, in the amount of $55,000, plus interest accrued under the Note through August 15, 2006, and pre-judgment interest; and

4.  Granting costs, disbursements and such further relief as the Court may deem just.

Dated:    New York, New York
          July 10, 2007

HECHT & ASSOCIATES, P.C.

By: _____
Mitchell Berns [MB-3695]
Attorneys for Plaintiff
275 Madison Avenue, 28th Floor
New York, New York 10016
(212) 490-3232